UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────

EDWARD A. CHMIELEWSKI,

    Plaintiff,

 v.                                                                     Case No. 22-CV-1248

STEVEN ANDREW SARGENT,

    Defendant.

───────────────────────────────────────────

### ORDER

───────────────────────────────────────────

On October 21, 2022, plaintiff Edward A. Chmielewski, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that defendant Steven Andrew Sargent violated his constitutional rights. (ECF No. 1.) Chmielewski also filed two motions for leave to proceed without prepayment of the filing fee. (ECF No. 2, 7.) This order resolves those motions and screens the complaint. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a U.S. District Court Judge for the limited purpose of screening the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Chmielewski was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his

case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 17, 2022, the court waived the initial partial filing fee. Accordingly, the court grants Chmielewski's first motion for leave to proceed without prepaying the filing fee and denies the second motion as redundant. He must pay the full $350.00 filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Chmielewski's Allegations*

Chmielewski alleges his State Public Defender, defendant Steven Andrew Sargent, violated his civil rights and due process rights when representing him in his State of Wisconsin criminal case. (ECF No. 1 at 2.) Specifically, Sargent agreed to continue the criminal case at the preliminary hearing. He also took plea deals for false charges. (*Id.* at 2-3.)

*Analysis*

To state a claim under 42 U.S.C §1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. *Rodriguez v.*

3

*Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). Also, the alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*; *West v. Atkins*, 487 U.S. 42, 49 (1988) Criminal defense attorneys cannot be sued under §1983 because they do not act under the color of state law; they are the adversary of the State. *Polk County v. Dodson*, 454 U.S. 312, 318, 325 (1981); *see Swift v. Swift*, 556 Fed. Appx. 509, 510-11 (7th Cir. 2014); *West v. Atkins*, 487 U.S. at 50. Even appointed attorneys are not acting under the color of state law. *Polk*, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

In short, Chmielewski does not state a claim under § 1983 upon which relief can be granted. Courts typically give *pro se* prisoner plaintiffs an opportunity to amend the complaint, s*ee Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022); however, they need not do so where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Chmielewski's complaint is thorough in its allegations of facts surrounding his claim, so the court finds amendment would be futile. Chmielewski's case is dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Chmielewski's first motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**. His second

4

motion for leave to proceed without prepaying the filing fee (ECF No. 7) is **DENIED as moot**.

**IT IS ALSO ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Chmielewski shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Chmielewski's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Chmielewski is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233**.**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin on January 31, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge